**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                      )<br>)<br>LUZ LUCIANO, ET AL,            )<br>        Defendants         )<br>                                           ) | **CRIMINAL ACTION**<br>**No. 04-10299-PBS** |

**AFFIDAVIT OF COUNSEL IN SUPPORT OF DEFENDANTS JOINT MOTION**
**TO DISMISS FOR VIOLATION OF THE RIGHT TO SPEEDY TRIAL**

I, Ronald Ian Segal and I, Stephen D, Judge, undersigned counsel, upon information and belief do hereby depose and say as follows:

1. In May of 2004, the defendants were three of twenty-two individuals charged in connection with a complaint entitled United States v. Luz Luciano, et al, Docket Number 04-10299-PBS, possession with intent to distribute a Schedule II controlled substance.

2. On or about November 3, 2004, the defendants were arraigned on said charges.

3. Defendants Martinez and Madera have been held in custody since the May 2004 charges were filed. The time lapse between May 2004 and the November 3, 2004 arraignment constitutes a violation of the thirty-day limit of the Speedy Trial Act 18 U.S.C. 3161 (b).

4. An Order of Excludable Time was effectuated (Swartwood, M.J.), excluding some seventy-eight days post-arraignment - the time period from defendants' November 3, 2004 arraignment until January 20, 2005.

5. On or about January 20, 2005 a pretrial conference was held at which time defendant objected to any further continuances, waived any additional discovery and answered ready for trial immediately.

6. Despite defendants' January 20, 2005 waiver of further discovery and his demand for speedy trial, an additional Order of Excludable Time was issued on January 25, 2005 (Swartwood, M.J.) covering the future dates from January 20 until March 23, 2005 with trial to begin on or before June 1, 2005.

7. The January 25, 2005 Excludable Time Order imposes at least an additional sixty-day delay to the start of defendants' trial and is in violation of the Speedy Trial Act, as defendants did not consent in writing to the waive their right to a speedy trial. Rather, defendants specifically objected to any further delays, waived further discovery and answered ready for trial on January 20, 2005.

8. The impermissible Excludable Time Order results in a delay between defendants arraignment and trial that is a gross expiration of the seventy days permissible by the Speedy Trial Act.

_____
RONALD IAN SEGAL
23 Central Avenue
Suite 605
Lynn, Massachusetts 01901
(781) 599-2800


_____
STEPHEN D. JUDGE
23 Central Avenue
Suite 605
Lynn, Massachusetts 01901
(781) 599-2800