IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                        )<br>)<br>BENITO GRULLON              )<br>) | CRIMINAL ACTION<br><br>NO. 04-10299-PBS |

**GOVERNMENT'S THIRD SUPPLEMENTAL OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS UNDER THE SPEEDY TRIAL ACT**

**I. Introduction**

Pursuant to the Court's request, the government hereby submits this supplemental proffer of facts regarding the pre-indictment delay for only defendant BENITO GRULLON.  The original motion was submitted on behalf of defendants VALENTIN MARTINEZ and MANUEL GERMOSEN in addition to GRULLON.  The motion is now being advanced by only GRULLON.  The summary of law is the same as the government's previous submissions, but has been narrowed to focus only on GRULLON.

**II. Relevant Background for Defendant GRULLON**

On May 1, 2004, the government filed a criminal complaint charging GRULLON with a single count of possession with intent to distribute cocaine on July 30, 2003 in violation of 21 U.S.C. § 841(a)(1). (See Docket No. 1, U.S. v. Grullon, 04-MJ-01731-CBS). On May 1, 2004, (hereinafter "the defendants") was arrested pursuant to the complaint.[1]  The same day, the defendant made his

---

[1] Accordingly, under Section 3161(b), without including excludable time, the government was required to obtain indictment on or before June 2, 2004.

initial appearance in court and the government moved under 18 U.S.C. § 3142(f) to detain the defendants pending trial.

Judge Swartwood originally scheduled a probable cause/detention hearing for GRULLON on May 5, 2004. The same day, counsel for defendant (Attorney Ronald Segal) entered his appearance and requested a continuance. Judge Swartwood held a probable cause/detention hearing on May 10, 2004. GRULLON was granted conditions of release on May 11, 2004. (See Docket No. 6 and 7, U.S. v. Grullon).

On October 6, 2004, GRULLON was charged in the First Superseding Indictment along with twenty-three other defendants in Criminal No 04-10299-PBS. (See Docket No. 26).[2] In that indictment, GRULLON was not charged with any substantive distribution counts, but was only charged with conspiracy.
On March 23, 2005, the government obtained a Second Superseding Indictment. The Second Superseding Indictment added a substantive count in Count Eight, distribution of cocaine on July 30, 2003. The Second Superseding Indictment contained the additional allegation pursuant to Title 18, United States Code, Section 2 that defendant aided and abetted the offense.

The government does not contest that there was pre-indictment delay. Nevertheless, as discussed in the government's

---

[2]The First Superseding Indictment superseded the indictment returned on September 29, 2004 against four defendants, LUCIANO, AGUILAR, SOLORIO, and ESTRADA. (See Docket No. 24).

2

opposition filed on 4/21/05 and 12/13/05, since the charges in the indictment are different from those in the complaint, dismissal is not an available remedy under the case law and Speedy Trial Act.

**Under the Speedy Trial Act, the Charges in the Indictment Are Different From Those in the Complaint.**

When the government fails to meet the statutory requirements of the Speedy Trial Act, Title 18, United States Code, Section 3162(a)(1) provides:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, <u>such charge</u> against that individual contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1)(emphasis added).

Although the First Circuit has not decided the issue, the Second, Third, Fifth, Sixth, Eighth and Ninth Circuit have clearly held that Section 3162(a)(1) has very limited application and should be strictly construed. See <u>United States v. Gaskin</u>, 364 F.3d 438, 451 (2nd Cir. 2004); <u>United States v. Watkins</u>, 339 F.3d 167, 174 & n. 5 (3d Cir.2003); <u>United States v. Miller</u>, 23 F.3d 194, 199 (8th Cir.1994); <u>United States v. Nabors</u>, 901 F.2d 1351, 1355 (6th Cir.1990); <u>United States v. Giwa</u>, 831 F.2d 538, 541 (5th Cir.1987); <u>United States v. Heldt</u>, 745 F.2d 1275, 1280 (9th Cir.1984). "The statutory language requires dismissal only of

'such charge' against the individual contained in such complaint." Gaskin, 364 F.3d at 451 (internal quotations omitted).  Furthermore, where the complaint charges remain pending for more than thirty days, "courts will not dismiss an untimely indictment pursuant to Section 3161(a)(1) if it pleads different charges from those in the complaint, and this applies *even if the indictment charges arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint*." Id. at 451 (emphasis added)(internal quotations omitted). Several cases demonstrate this principle and applicability to this case.

In United States v. Gaskin, the defendant was charged in both the complaint and the indictment with conspiracy to distribute marijuana, but the indictment contained the additional allegation of drug weight.  The court held that the charge in the complaint was not the same charge in the indictment since the indictment alleged the additional element of drug quantity,[3] even though the complaint and the indictment involved overlapping and identical facts.  Id. at 453.  Accordingly, the court held when an indictment adds elements to the government's burden of proof beyond those required for the offense charged in the complaint,

---

[3] In United States v. Thomas, 274 F.3d 655, 663 (2d. Cir. 2001)(en banc), the Second Circuit held that drug quantity was an element of the offense.

4

they replace the charges in the complaint with a different charge that are <u>not</u> subject to dismissal under Section 3162(a)(1) when no timely indictment has been filed.  <u>Id.</u> at 456.  The court furthermore ruled that normal <u>Blockburger</u> double jeopardy analysis did <u>not</u> apply to determination whether the charge contained in the complaint was the same charge contained the indictment.  <u>Id.</u> at 454.  This is because double jeopardy is constitutional and protects against successive prosecutions and cumulative punishment, while §3162(a)(1) is statutory and its concern is that charges pending against a defendant should be promptly processed.  <u>Id.</u>

The case of defendant GRULLON is even more straightforward. GRULLON was not charged with conspiracy in any criminal complaint.  Instead, GRULLON was charged with possession with intent to distribute cocaine. Furthermore, the substantive offense (Count Nine) now alleged in the Second Superseding Indictment (although arising from the same conduct in the complaint) involves a different offense (*distribution* of cocaine); an offense that requires different elements (the act of distribution vs. possession).

Accordingly, defendant cannot prevail on dismissal under Section 3162(a)(1) because the offenses now alleged in the pending Second Superseding Indictment are simply not the same "such charge" alleged in the complaint.

**The Delay Was Reasonable**

Finally, even if the Court were to dismiss the complaint in this matter, such a dismissal would have no affect on the pending Second Superseding Indictment. Following indictment, the complaint as a charging document is a relic. In order to dismiss the pending indictment, the Court would have to find that *the complaint* should have been dismissed with prejudice. See United States v. Miller, 23 F.3d 194, 196 (8th Cir. 1994)("When a court dismisses a complaint outside the thirty-day period and is silent at to whether the dismissal is with or without prejudice, a subsequently filed indictment should be dismissed *only if the complaint should have been dismissed with prejudice*.")(internal quotations and citation omitted)(emphasis added).

The first sentence of Section 3162(a)(1) refers to dismissal of such complaint. The second sentence sets forth the factors that must be considered by the Court in determining whether "the case" should be dismissed with or without prejudice. From the plain language and temporal sequence of this subsection, the Court must first dismiss the complaint and then decide whether that the entire case should be permitted to go forward.

In this case, Judge Swartwood has already made a judicial finding of no prejudice. (See Docket No. 47). This finding was based on the number of defendants in this case and the complex nature of the evidence. In particular, Judge Swartwood

6

recognized that "[t]he complex investigation involved informants, undercover agents, Title III intercepts, global positioning systems on multiple automobiles, surveillance of individuals and recorded and monitored controlled purchases of illegal narcotics."  Id. at 6.  The Title III wire intercepts, significantly, involved wiretaps on twenty-one separate telephones for a period of almost a year which were for the most part in Spanish.

Accordingly, even if the defendants could obtain dismissal of the complaint in this case, such a dismissal would have no effect on the pending indictment unless it could be shown that the complaint should have been dismissed with prejudice.  Since there was judicial finding of no prejudice and reasonableness, the issue is therefore moot.

### IV.  Conclusion

For all of the foregoing reasons, defendants' motion to dismiss for Speedy Trial violations should be denied.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:    /s/ Neil J. Gallagher, Jr.
        Neil J. Gallagher, Jr.
        Assistant U.S. Attorney
        One Courthouse Way
        Boston, MA
        (617) 748-3397

Date: February 14, 2006

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

<u>/s/ Neil J. Gallagher, Jr.</u>
Neil J. Gallagher, Jr.
