```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.      )<br>)<br>BENITO GRULLON,     )<br>)<br>     Defendant.   )<br>      ) | CRIMINAL ACTION NO. 04-10299-PBS |

**ORDER**

February 15, 2006

Saris, U.S.D.J.

On May 1, 2004, the government filed a criminal complaint charging that defendant Benito Grullon did "knowingly and intentionally possess with intent to distribute and distribute a quantity of cocaine, a Schedule II controlled substance" in violation of 21 U.S.C. § 841(a)(1). Defendant was arrested on May 3, 2004. On October 6, 2004, Grullon was charged in the government's First Superseding Indictment along with twenty-three other defendants. On March 23, 2005, the government filed a Second Superseding Indictment charging Grullon in Count I with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and in Count VIII with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), aiding and abetting in violation of 18 U.S.C. § 2. Defendant Grullon moves to dismiss the charges against him pursuant to his right to speedy trial.

After hearing and review of the briefs, the Court finds, and the government concedes, that there was pre-indictment delay in violation of 18 U.S.C. § 3161(b). In contrast to § 3162(a)(2) regarding post-indictment delay, § 3162(a)(1) contains no provision for pre-indictment delay stating that a defendant's failure to move for dismissal prior to a stage of the proceedings may constitute waiver. As such, defendant Grullon did not waive his right to dismissal for pre-indictment delay.

The critical question in determining the sanction for pre-indictment delay is "whether the charges pleaded in . . . the indictment are those specifically pleaded in the complaint because, unless they are, the dismissal sanction of § 3162(a)(1) has no applicability." United States v. Gaskin, 364 F.3d 438, 452 (2d Cir. 2004). The Court finds that Count I of the Second Superseding Indictment is distinct from the charge pleaded in the complaint, and as such, retains Count I.

Based on the holding and reasoning of the Second Circuit in Gaskin, however, the Court finds that Count VIII of the Second Superseding Indictment is the charge pleaded in the complaint. The added element of aiding and abetting in Count VIII merely "gilds" the earlier charge pleaded in the complaint. See id. at 455-56 (mentioning but not acknowledging "gilding" exception); United States v. Peppin, 365 F. Supp. 2d 261, 267-70 (N.D.N.Y. 2005) (discussing "gilding" exception in Gaskin context and dismissing "gilded" charge).

The dismissal of Count VIII is without prejudice.  The case involves the prosecution of a conspiracy spanning thirty defendants, Grullon did not raise the issue of speedy trial until after the government filed the Second Superseding Indictment, and there is no evidence of government bad faith.

Accordingly, defendant Grullon's motions to dismiss are **ALLOWED IN PART** and **DENIED IN PART**.  (Docket Nos. 84, 183.)

**S/PATTI B. SARIS**
United States District Judge