UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Filed in Open Court
2-14-06

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION |
| | ) | |
| V. | ) | NO. 04-10299 PBS |
| | ) | |
| BENITO GRULLON | ) | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GRULLON'S MOTION TO DISMISS FOR VIOLATION OF SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL DUE TO EXCESSIVE PRE - INDICTMENT DELAY**

I.   **Introduction**

The defendant, Benito Grullon, now moves this Honorable Court to dismiss the charges against him for violations of his right to a Speedy Trial as guaranteed and provided by the Sixth Amendment to the United States Constitution and 18 United States Code section 3161 (b). The Government failed to obtain an indictment within the permissible post-arrest time frame of 30 days as required by 18 U.S.C. section 3161 (b). The sanction for such a violation under 18 U.S.C. section 3162(a)(1) is that the "complaint shall be dismissed or otherwise dropped."

Mr. Grullon was arrested on May 3, 2004, on a complaint that charged him on or about July 30, 2003, with possession with intent to distribute and distribution of cocaine, a schedule II controlled substance. On October 6, 2004, over five months later, Grullon was indicted and charged in the first Superseding Indictment (see attached) with conspiracy to distribute five (5) kilograms or more of cocaine. On March 23, 2005, one hundred and sixty eight days after the first indictment and three hundred and twenty four days after the defendant's arrest, the Government obtained a second Superseding Indictment (see attached) alleging conspiracy to distribute five or more kilograms of cocaine, and one count of distribution of cocaine. The cocaine distribution count arises from the same facts and is the same charge as the crime charged in the complaint and

should be dismissed with prejudice. See United States v. Miller 23 F. 3d. 194 (8th circuit 1994)

Failure to timely indict, as required by the Speedy Trial Act, violates Benito Grullon's Sixth Amendment Right to a Speedy Trial. The Court should grant the defendant's motion to dismiss for violation of his Speedy Trial Rights based on the Government's unreasonably lengthy and unnecessarily extended pre-indictment delay of one hundred and fifty six days.

## II.     Procedural History

On May 3, 2004, Benito Grullon was one of twenty-two individuals arrested and charged following a DEA investigation. Although arrested with the large group of individuals, Grullon was originally charged on a separate criminal complaint that alleged that Grullon did, on or about July 30, 2003, knowingly and intentionally possess with intent to distribute and distribute a quantity of cocaine, a schedule II controlled substance, in violation of 21, United States Code, Section 841(a)(1) (see attached )

A Probable Cause/Detention hearing for defendant Grullon was scheduled for May 5, 2004, at which time defense counsel (Ronald Ian Segal) entered an appearance and requested a continuance. The matter was rescheduled for May 10, 2004. Defense counsel's request for continuance delayed the matter a total of five days. On May 11, 2004, Chief Magistrate Swartwood entered an order granting Grullon conditions of release.

On September 29, 2004, the Government indicted four of the twenty two individuals in this case. Mr. Grullon was not included in this original group. On October 6, 2004, the Government handed down its First Superseding Indictment charging Grullon and twenty three others " in Criminal No 04-10299-PBS with conspiracy to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. section 846. The First Superseding Indictment returned on October 6, 2004, was the first grand jury indictment in which Grullon, Martinez and Germosen were charged."[1] Arraignment was scheduled for November 1, 2004, and defense counsel requested a two day continuance until November 3. On November 3, 2004, Grullon was arraigned and

---

[1] Government's Opposition to Defendant's Motion to Dismiss Under the Speedy Trial Act pages 2-3

was released on the same conditions that were set on May 11, 2004. On February 25, 2005, counsel for Benito Grullon orally raised the issue of a Speedy Trial act violation. The Court ordered that written motions on this issue be filed no later than March 4, 2005.

On March 4, 2005, Benito Grullon filed a Motion to Dismiss for Violation of Right to a Speedy Trial. On March 23, 2005, one hundred and sixty eight days after the first indictment and three hundred and twenty four days after the defendant's arrest, the Government obtained a second Superseding Indictment alleging conspiracy to distribute five or more kilograms of cocaine, and one count of distribution of cocaine. The cocaine distribution count arises from the same facts and is the same charge as the crime charged in the complaint

### III.  Argument
**The Protracted Pre-Indictment Delay was the Product of the Government's Failure to Timely Indict in Violation of The Speedy Trial Act. The Delay Was Clearly Not Due to Defendant's Conduct.**

**1. The defendant did not contribute to the pre-indictment delay**

Defendant Grullon did not acquiesce or contribute to the pre-indictment delay as the Government alleges. Rather, the five-month delay between arrest and arraignment was due to unnecessary prosecutorial delay. The defendant was arrested May 3, 2004. On May 5, 2004 a Probable Cause/Detention Hearing was scheduled for Grullon, on which date Defense Counsel (Ronald Ian Segal) filed an appearance and requested a continuance. The requested continuance delayed the Hearing for five days, and the Grullon Hearing was held on May 10, 2004. Defendant Grullon's requested five days can hardly be characterized as meaningful contribution to the delay, when such pre-indictment delay was protracted for over one hundred-fifty days. Grullon was released on conditions of release on May 11, 2004.

The Government contends that Grullon's failure to seek dismissal prior to his indictment displays acquiescence or contribution to the delay. This is not the case at all.

The sanction provision for the seventy day trial time limit, 18 U.S.C. section 3162 (a) (2), specifically states that "Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." The sanction provision for the 30 day time limit for the

filing of an indictment, 18 U.S.C. section 3162 (a) (1), contains no such waiver provision. " A defendant seeking to dismiss a case for a claimed violation of the STA's speedy indictment provisions must move for dismissal prior to trial (although not necessarily before indictment) or he waives his right to dismissal under section 3162 (a)(1)" See United States v. Lewis, 980 F. 2d 555, 560 (9th Cir. 1992) Grullon has moved to dismiss this matter prior to trial.

The Government erroneously relies on Williams v. United States, 123 F.Supp.2d 100 (E.D.N.Y. 2000) in support of its argument that Grullon contributed to the delay, thus waiving his rights to contest the pre-indictment delay. In Williams, the defendant meaningfully and underhandedly contributed to pre-indictment delay. Counsel for Williams requested, and the Government agreed, that post arrest proceedings would be delayed so that the defendant may "proffer to the U. S. Attorney the true facts concerning the alleged robbery" and to take a lie detector test to profess his innocence. Id. at 104. When he failed the lie detector test the defendant was indicted, some 54 days after his arrest. The Court in Williams held that the defendant, by his own actions, contributed to the delay, thus having the effect of a waiver of his right to contest a pre-indictment delay on speedy trial grounds.

Here, any pre-indictment delay sought by defendant Grullon amounted to a mere five days out of a one hundred-fifty six day delay. Grullon, unlike many of his co-defendant's, pressed his detention hearing and pressed the speedy trial issue. Even accepting the government's argument that any time between the government's motion for detention, and the resolution of detention, five days, is excluded from the STA under Section 3161 (h) (f), that is a de minimus delay. The first indictment against Grullon was returned one hundred forty eight days after the resolution of his detention issue, still well outside the 30 day requirement.

**2. The defendant was indicted on charges that arise out of the same facts and circumstances as the charges in the complaint.**

Grullon was originally charged on a separate criminal complaint on May 1, 2004, that alleged that Grullon did, on or about July 30, 2003, knowingly and intentionally possess with intent to distribute and distribute a quantity of cocaine, a schedule II controlled substance, in violation of 21, United States Code, Section 841(a)(1). On

October 6, 2004, Grullon was charged in the First Superseding indictment with conspiracy to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. section 846. On March 23, 2005, the Government obtained a second Superseding Indictment against Grullon alleging the same conspiracy to distribute five or more kilograms of cocaine charge, and a substantive count of distribution of cocaine.

18 United States code section 3162 states:
"(a)(1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

The government contends that the charges in the indictment are different than in the complaint, and therefore they are not "such charge against that individual contained in such complaint" and the defendant is not entitled to dismissal. The defendant was not charged with conspiracy in the complaint. However, the defendant argues that all charges against him should be dismissed with prejudice due to the extensive and unnecessary pre-indictment delay.

At a minimum the defendant is entitled to a dismissal on the substantive indictment alleging distribution of cocaine on or about July 30, 2003, in Essex County because that charge is an exact duplicate of the charges set forth in the complaint dated May 1, 2004. This indictment was not filed until March 23, 2005, in the Second Superseding Indictment, some three hundred twenty four days (324) after Grullon's arrest. The cocaine distribution indictment must be dismissed with prejudice.

The facts before this Court are very similar to United States v. Miller 23 F. 3d. 194 (8th circuit 1994). The government alleged that Miller had purchased 10 kilograms of cocaine and 25 pounds of marijuana from an undercover police officer and a confidential informant. A search of Miller's car after his arrest located a semiautomatic pistol. Complaints were obtained against Miller for possession of cocaine and marijuana with intent to distribute on October 14, 1991. On January 2, 1992, a motion to dismiss

was filed. On January 9, 1992, the prosecution requested a dismissal of the complaints because the government "had decided not to proceed with criminal prosecution at this time." Id. at. 196.

On October 1, 1992, Miller was indicted again on the same narcotics charges and he was also additionally charged with carrying a firearm during a drug trafficking offense. Miller contested his conviction on both charges based on a pre-indictment delay. The Court ordered dismissal of the narcotics convictions with prejudice, but allowed the firearm conviction to stand. Id. at 199.

In <u>Miller</u> the Court in determining whether to dismiss the case with or without prejudice analyzed the three factors set forth in the STA 1) the seriousness of the offense; 2) the facts and circumstances that led to the dismissal; and 3) the impact of a reprosecution on the administration of this chapter and the administration of justice. The Court noted " In this case, the complaints were dismissed eighty eight days after the defendant's were arrested: this is not a short delay beyond the thirty day time limit." Id. at 197. The facts involving Mr. Grullon are even more egregious. He was not indicted until 156 days after his arrest. The government contends that due to the number of defendant's in this case and the complex nature of the evidence the delay of 156 days was reasonable for the government to organize this case and make the appropriate presentation to the grand jury. That argument lacks credibility, because in their initial indictment the government did not even charge Grullon with distribution of cocaine. It was only on March 23, 2005, 168 days after the first indictment and some 324 days after his arrest, did the government allege that Grullon distributed cocaine.

The complaint on May 1, 2004, alleged that Grullon did, on or about July 30, 2003, knowingly and intentionally possess with intent to distribute and distribute a quantity of cocaine, a schedule II controlled substance, in violation of 21, United States Code, Section 841(a)(1)  Count Eight of the Second Superseding Indictment states that Benito Grullon "defendant herein, did knowingly, and intentionally distribute and cause the distribution of cocaine, a schedule II controlled substance. All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2[2]."

---

[2] 18 U.S. Code Section 2 provides for the punishment of anyone who commits an offense against the United States, or aids abets, counsels or commands....its commission is punished as a principal.

### 3. The delay was not reasonable.

Due to the nature and complexity of a twenty four co-defendant case involving a long DEA investigation and due to Judge Swartwood's finding of no prejudice in the dismissal of co-defendant Ricardo Estrada's motion to dismiss, the Government alleges that the pre-indictment delay was reasonable. If the pre-indictment delay was reasonable, they argue, then even if this matter were to be dismissed the defendant is not entitled to a dismissal with prejudice. The defendant disagrees.

The affidavit filed with the complaint filed against Grullon on May 1, 2004, sets forth facts alleging a hand to hand sale of 125 grams of cocaine to an undercover informant on July 30, 2003. This is a simple case to prosecute that took place over 9 months prior to the May 3, 2004 arrests.

The defendant concedes that the facts of the conspiracy indictment are more difficult and complex than a hand to hand sale. However, the Government made minimal efforts to present these matters to the grand jury in a timely fashion. From the grand jury minutes provided by the Government it appears that the grand jury presentment started some twenty three days after the May 3 arrests. Special Agent Jean Drouin testified that he appeared before the grand jury on May 26, June 2nd, June 30th, July 7th, July 21, August 4th, and September 1, 2004. Benito Grullon's name was not put before the grand jury until September 1, 2004. Five of the seven times that agent Drouin testified were outside of the thirty day requirement for an indictment to be filed.

The Government's argument of a reasonable delay before the First Superseding indictment fails because the Government failed to indict Grullon on the charge of distribution of cocaine that is set forth in the complaint. Grullon was not indicted on the distribution of cocaine charge until the Second Superseding Indictment filed after the motion to dismiss was filed on March 4, 2005. This took place on hundred and sixty eight days after the first indictment and three hundred and twenty four days after the defendant's arrest. Therefore, all indictments against the defendant should be dismissed with prejudice.

**Conclusion**

According to the principles set forth in United States v. Miller 23 F. 3d. 194 (8th circuit 1994) the defendant requests, at a minimum, the dismissal with prejudice of Count Eight of the Second Superseding Indictment alleging Distribution of Cocaine. Wherefore, based upon the foregoing, the defendant respectfully requests that this Honorable Court grant his Motion to Dismiss on all counts of the indictment for violation of his Sixth Amendment Speedy Trial Rights with prejudice.

                                                Respectfully submitted,
                                                BENITO GRULLON
                                                By his Attorney,

*/s/ Ronald Ian Segal*
RONALD IAN SEGAL
John V. Apruzzese
23 Central Avenue
Suite 605
Lynn, MA 01901
(781) 599-2800