```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
                            )    CRIMINAL ACTION
     v.                     )
                            )    NO. 04-10299-24-PBS
BENITO GRULLON              )
     a.k.a. "Quico"         )
```

**UNITED STATES' MOTION IN LIMINE
TO PRECLUDE DEFENSE FROM DISCUSSING
IMMIGRATION CONSEQUENCES OF CONVICTION**

The United States respectfully requests the Court to preclude defense counsel from presenting evidence or argument with respect to the immigration consequences that may result from a conviction in this case. Though a law permanent residence of the United States, defendant is not a citizen of the United States and instead is a citizen of the Dominican Republic. Therefore, a conviction in this case would mostly result in defendant's mandatory deportation to the Dominican Republic.

### Discussion

Absent extraordinary statutes requiring the jury to participate in sentencing determinations (e.g., death penalty cases), the <u>sole</u> function of the jury is to determine guilt or innocence. Punishment is within the exclusive province of the Court. <u>United States v. Luciano-Mosquera</u>, 63 F.3d 1142,1152 (1st Cir. 1995)(court properly limited cross-examination which was "impermissible attempt to inform the jury" about defendant's potential punishment); <u>United States v. Carrasquillo-Plaza</u>, 873

F.2d 10, 14 (1st Cir. 1989)("court is entitled to shield the jury from details of the potential sentence facing a defendant"); United States v. Del Toro, 426 F.2d 181, 184 (5th Cir. 1970)(informing the jury of matters relating to potential disposition of defendant might "confuse the issue or issues to be decided").

Informing the jury of the potential collateral consequences of a conviction, serves only to draw the jury's attention away from its chief function, that is, the determination of whether the government has proven the charges in the indictment beyond a reasonable doubt.  It opens the door to compromise verdicts, confuses the issues, and enhances the likelihood of hung juries. See Del Toro, 426 F.2d at 184; United States v. Johnson, 502 F.2d 1373, 1377-78 (7th Cir. 1974).  As the Court in Johnson explained:

> The defense may wish to inform the jury of the mandatory sentence in the hope that the jury might 'hang' or acquit simply because some or all of the jurors thought the penalty was too severe. Congress, however, has already made the policy determination as to the severity of the sentence where a person is found guilty under this statute.  It is not for the courts or the juries to make a new policy determination in such a situation.

Id. at 1378.

Furthermore, it is wholly improper for defense counsel, at any time, to suggest to the jury that nothing stands between the

defendant going home to his family but the jury.  See <u>Gretter v. United States</u>, 422 F.2d 315, 319 (10th Cir. 1970) (defense counsel may not mention mode of punishment that could be imposed should defendant be convicted).  To allow the jury to respond to such pleas would be to permit them to violate their oath not to consider punishment and not to allow their verdict to be affected by sympathy.

As the Court has broad discretion over the scope of closing arguments, the Court has an obligation to discourage such improper pleas "by prompt action from the bench in the form of corrective instructions to the jury and, when necessary, an admonition to the errant advocate."  <u>See</u> <u>United States v. Young</u>, 470 U.S. 1, 13 (1985); <u>Herring v. New York</u>, 422 U.S. 853, 862 (1975); <u>United States v. Grabiec</u>, 96 F.3d 549, 552 (1st Cir. 1996).

Further, it is clear that a defense directed to jury nullification, whether based upon an appeal to sympathy or dissatisfaction with the law as written, is impermissible.  In <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1189 (1st Cir. 1993), the defendant "invoked the specter of jury nullification during final argument." <u>Id.</u>  In affirming the district court's refusal to instruct any further on this matter, the Court stated that "a trial judge ... may block defense attorneys' attempts to serenade a jury with the siren song of nullification." <u>Id.</u>

The refusal to touch upon the issue of nullification need

not be a direct one or solely in the context of a jury instruction. In <u>United States v. Manning</u>, 79 F.3d 212, 219 (1st Cir. 1996), the Court held that while a district court may not instruct the jury as to its power to nullify, the Court underscored the contention that "an attorney's attempt to achieve the same end indirectly ... is equally impermissible," citing <u>United States v. Calhoun</u>, 49 F.3d 231 (6th Cir. 1995).

Accordingly, the United States respectfully requests that defense counsel be prohibited from improperly eliciting testimony, presenting evidence, or arguing to the jury regarding the collateral consequences of a conviction - the potential deportation of the defendant - or from otherwise appealing to the jury's sympathy.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/ Neil Gallagher
>Neil J. Gallagher, Jr.
>Sharron Kearney
>Assistant U.S. Attorneys

<u>Certificate of Service</u>
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

>/s/ Neil J. Gallagher, Jr.
>Neil J. Gallagher, Jr.