UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10299-PBS |
| | ) | |
| BENITO GRULLON | ) | |

**MOTION IN LIMINE TO EXCLUDE GOVERNMENT EXHIBITS 19 AND 27.**

Now comes the Defendant in the above entitled matter and moves this Honorable Court to not permit the Commonwealth to make reference to the following matters or introduce the following exhibits:

**A. THAT THE GOVERNMENT NOT BE PERMITTED TO INTRODUCE INTO EVIDENCE THAT THE OWNER OF CRISTAL-DIAMOND AUTO BODY IS AN INDIVIDUAL NAMED "JOSE GRULLON" OR BE PERMITTED TO INTRODUCE EXHIBIT 19.**

The Government has indicated that it intends to introduce into evidence the fact that an individual named Jose Grullon is the owner of Cristal-Diamond Auto Body located at 15 Alley Street, Lynn, MA. Furthermore, the Government has indicated that it will seek to introduce evidence that one of the numbers called by Mr. Manuel Germosen was (339) 298-9140. This number, according to the records currently in the Government's possession indicates that it was registered to a Luis Rivera at 15 Alley Street, Lynn, Ma. The clear inference is that since the owner of Cristal-Diamond Auto Body is an individual named "Grullon" that there must be a connection to the Defendant.[1]

---

[1] A cursory search of the 2005 white pages for the grater Boston Area, indicates at least 11 listings for Grullon. A search on www.whitepages.com for Grullon in Massachusetts listed 46 separate entries, including 4 in the Lynn area. Given the commonality of the name, it is hardly proof that Mr. Jose Grullon is related the Defendant.

Federal Rule of Evidence 403, states "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Without an indication that "Jose Grullon" is related to the Defendant, the fact that similarly named individual owns a particular location is not probative of whether the Defendant used phone number (339) 298-9140. In addition, the Government has indicated that they will not be introducing any witness who will testify that the Defendant ever entered or was at 15 Alley Street, Lynn, MA. As such the Government has not demonstrated any link between Diamond Auto, 15 Alley Street, or "Jose Grullon" and the Defendant. As such the Government should be precluded from mentioning "Jose Grullon" or the ownership of Cristal-Diamond Auto Body as it will tend to only confuse and mislead the jurors, and invites the jurors to speculate as to any possible link. *See* Fed.R.Evid. 403.

### B. THAT THE GOVERNMENT NOT BE PERMITTED TO INTRODUCE INTO EVIDENCE EXHIBIT 27 AS CURRENTLY CONSTITUTED AS IT IS HEARSAY AND DOES NOT MEET THE BUSINESS RECORD EXCEPTION.

The Government has indicated that it will seek to introduce evidence subscriber information for the telephone number (339) 298-9140, which is one of the numbers called by Mr. Manuel Germosen. This number, according to the records currently in the Government's possession indicate that it was connected by Sprint and that it was registered to a Luis Rivera at 15 Alley Street, Lynn, Ma. Under the Federal Rule of Evidence 902(11), the original or a duplicate of a record of regularly conducted activity

that would be admissible under Rule 803(6) as a business record is admissible if a qualified individual certifies that the record "was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters, was kept in the course of the regularly conducted activity, and was made by the regularly conducted activity as a regular practice."

The Government has failed to establish the authenticity of Exhibit 27 as a business record.  *See* Fed.R.Evid. 803(6), 902(11).  The subscriber information the Government seeks to introduce as Exhibit 27 was not obtained by the Government as a result of a trial subpoena.[2]  Instead Exhibit 27 is part of a letter written by a Sprint representative to the DEA as part of its investigation in this case.  The Government has not provided any other information to assert that Exhibit 27 is a record produced or kept by Sprint in their regularly conducted business activity.  Moreover, the Government has been unsuccessfully in obtaining a response to their trial subpoena.  As such, the Government has failed to comply with Rule 902(11) and this document is inadmissible under Rule 902(11).  *See* Fed.R.Evid.902(11).  Therefore, the Government should be precluded from introducing Exhibit 27, the subscriber information of telephone number (339) 298-9140, without first certifying the document in compliance with Rule 902(11).  *Id.*

                                                  BENITO GRULLON
By His Attorney:

___"/s/ Eduardo Masferrer"_____
Eduardo Masferrer
B.B.O. #644623
Masferrer & Associates, P.C.

---

[2] The Government did send out a trial subpoena to Sprint, but as of yesterday the trial subpoena was not answered.

6 Beacon Street, Suite 720
Boston, MA 02108

Tel: 617-531-0135