THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETS

UNITED STATES OF AMERICA  )
                          )
v.                        )   Criminal No. 04-10299
                          )
BENITO GRULLON            )

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER
## RE: IMPEACHMENT EVIDENCE

Now comes the defendant in the above entitled matter and moves this Honorable Court to issue a protective order that allows the Defendant to (1) not provide photographs of the secret hide located at 33 Fuller Street, Lynn, MA (2) not provide the deed and mortgages taken out by Fernando Soto on the Property of 33 Fuller Street, and (3) not provide birth certificate information of the Defendant's wife until after the direct examination of the Government's witness, Fernando Soto, a paid confidential informant. The Defendant is willing to provide such information to the Government prior to its introduction, to avoid any issues of conducting a trial by surprise or ambush, while at the same time, ensuring that the "truth seeking" process of the adversarial system is maintained.

As grounds therefore, the defendant states that he does not believe that he is required to provide this discovery to the government, but out of an abundance of caution is seeking a ruling from the Court. See Federal Rules of Criminal Procedure Rule 16(b). (requiring disclosure of materials being used in the Defendant's case in chief.) Furthermore, should the Government be allowed to discuss potential impeachment evidence with their witness before the defendant has had an opportunity to cross-examine him before the jury:

(1) the defendant's ability to confront his accuser and elicit potentially exculpatory demeanor evidence will be destroyed

(2) the jury will be deprived of the potentially exculpatory demeanor evidence of that witness as he responds and reacts to the content of the cross-examiner's question for the first time.

Furthermore, allowing the Government to discuss potential impeachment material with this crucial Government witness before the witness has been sworn in to testify in front of a jury will interfere with the defendant's right to confront witnesses and present a defense as guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution.

BENITO GRULLON
By his attorney:

Eduardo Masferrer
Masferrer & Associates, P.C.
6 Beacon Street, Suite 720
Boston, MA 02108
(617) 531-0135