THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETS

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 04-10299
)
BENITO GRULLON )
)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
## RE: IMPEACHMENT EVIDENCE

A basic foundation of our justice system is the right to cross-examination. It is the "...principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska,* 415 U.S. 308, 316 (1974). "[I]t is beyond any doubt the greatest legal engine ever invented for the discovery of truth". 5 Wigmore, Evidence§ 1367 (Chadborn Rev. 1794). The Supreme Court has "recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis,* 415 U.s. at 316-17. One of the purposes of the confrontation guarantee is to afford the jury the opportunity to observe the demeanor of the witness in order better to assess his credibility. The Supreme Court has noted that "cross-examination and opportunity for the jury to observe the witness' demeanor" are central parts of the Defendant's Constitutional rights. *U.S. v. Owens,* 484 U.S. 554, 560 (1988).

The credibility of the government's informant is a central part of the Defendant's defense. The Constituion guarantees that that a defendant has a right to confront a witness and that the jury has a right to observe and assess how the witnesses reacts to questions put to him on cross examination. Subtle nuances of eye contact, expressions, and gestures

between a witness and others in the room are for the jury to evaluate. It is crucial for the jury to observe the demeanor of the witness in order to assess credibility. *See id.* Furthermore, instructions to the jury are given that inform the jurors that they may consider the demeanor of a witness in assessing the credibility of that witness. *See Model Jury Instructions: First Circuit.*

The defendant's constitutional right to confront and cross-examine Government witnesses and the jury's right to observe them when they are confronted for the first time will be destroyed if the Government discusses impeachment material with this witness prior to cross examination. In fact, under the rules of discovery, the Defendant is only required to turn over items it intends to use in its case in chief. *See Federal Rules of Criminal Procedure Rule16 (b)(1)(A).* The Defendant presently intends to use all of these exhibits during cross examination, and therefore should not be required to disclose them to the Government. This is consistent with the obvious purpose in not requiring disclosure during examination is to afford the advocate the tactical choice of not placing the witness on guard. To require the Defendant to disclose the evidence prior to its use and then permit the Government to disclose the inconsistencies and potential impeachment evidence will place the witness "on guard" and destroy the value of the impeachment evidence.

In addition, the Government should not be surprised by this evidence as the exhibits being withheld involve information readily available to the government by merely speaking with its paid informant. Therefore the Government should not be surprised if the defendant makes use of those materials at trial. It follows that it is altogether different to expose untruthful testimony of witnesses before the jury by

confronting and "surprising" them with things they have done and said in the past that are relevant to their credibility. It will then be for the jury to decide what weight to give the witness's answers and reactions.

In conclusion, for all of the above-stated reasons the defendant moves that the court permit the Defendant to not provide photographs of the secret hide located at 33 Fuller Street, Lynn, MA (2) not provide the deed and mortgages taken out by Fernando Soto on the Property of 33 Fuller Street, and (3) not provide birth certificate information of the Defendant's wife until after direct examination, and not to discuss any of the impeachment materials provided to him by the Defendant, with any witnesses, including but not limited to DEA agents and police.

BENITO GRULLON<br>
By his attorney:<br>
<br>
_____<br>
Eduardo Masferrer<br>
Masferrer & Associates, P.C.<br>
6 Beacon Street, Suite720<br>
Boston, MA 02108<br>
(617) 531-0135