UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10299-PBS |
| | ) | |
| BENITO GRULLON | ) | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

     Pursuant to Fed. R. Crim. P. 30, defendant, Benito Grullon, requests the Court to include the following instructions in its charge to the jury.  Defendant reserves the right to supplement or amend these requests as the facts and law develop during the trial.

                                    BENITO GRULLON
                                    By his attorney,


                                  ___/s/ Eduardo Masferrer_____
                                  Eduardo Masferrer
                                  B.B.O. #644623
                                  Masferrer & Associates
                                  6 Beacon Street, Suite 720
                                  Boston, MA 02108
                                  Tel:  617-531-0135



CERTIFICATE OF SERVICE

       I Eduardo Masferrer, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF).


                                  ___/s/ Eduardo Masferrer_____
                                  Eduardo Masferrer

## DEFENDANT'S REQUEST 1: PRESUMPTION OF INNOCENCE

The law in the United States of America presumes every defendant to be innocent of crime. This presumption of innocence can be overcome only if the government by means of competent evidence convinces the jury beyond a reasonable doubt of the guilt of Mr. Grullon with respect to every element of the offense with which he has been charged. The presumption of innocence alone is a sufficient basis for you to acquit Mr. Grullon unless you are satisfied that the government has proven his guilt beyond a reasonable doubt. This presumption of innocence remains with Mr. Grullon throughout the course of this trial.[1]

---

[1] United States v. Campbell, 874 F.2d 838 (1st Cir. 1989); United States v. Littlefield, 840 F.2d 143 (1st Cir.) (recommending trial courts to make "presumption of innocence concept . . . as explicit as possible"), cert. denied, 488 U.S. 860 (1988).

**DEFENDANT'S REQUEST 2:  BURDEN OF PROOF**

The government has the burden of proving every element of the charge against Mr. Grullon beyond a reasonable doubt.  If it fails to do so, you must return a verdict of not guilty. This burden remains with the government throughout the entire trial and never shifts to the defendant. The presumption of innocence alone is sufficient for you to conclude after careful and impartial consideration of all the evidence that Mr. Grullon is not guilty. The defendant is never required to prove that he is innocent or present any evidence.

## DEFENDANT'S REQUEST 3: REASONABLE DOUBT[2]

"As I have said, the burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions-- one that a defendant is guilty as charged, the other that the defendant is not guilty--you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a

---

[2]  Adapted from the charge of Judge Keeton in *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

4

particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense."

## DEFENDANT'S REQUEST 4: INDICTMENT IS NOT EVIDENCE[3]

An indictment itself is not evidence. It merely describes the charge made against the defendant. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination about whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

---

[3] *United States v. Garcia*, 562 F.2d 411 (7th Cir. 1977); *Brandon v. United States*, 431 F.2d 1931 (7th Cir.), *cert. denied*, 400 U.S. 1022 (1971); *United States v. Mackay*, 491 F.2d 616 (10th Cir. 1973), *cert. denied*, 416 U.S. 972 (1974); *United States v. Strauss*, 678 F.2d 886 (11th Cir. 1982).

## DEFENDANT'S REQUEST 5: CREDIBILITY[4]

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

It will be your duty to decide any questions of fact. You will have to determine the truthfulness and credibility of the witnesses, and the weight to be given their testimony. You are the sole judges of the credibility of the witnesses, and if there is any conflict in the testimony, it is your function to resolve the conflict and determine the truth. You may reject all the testimony of a witness, you may reject some parts and accept others, you may think a witness exaggerates, or understates, remembers, or forgets.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; any motive to lie or fabricate they may have; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events, including the accuracy of the witness's recollection, the quality of the witness' memory, whether or not the witness has made prior statements or given prior testimony inconsistent with his

---

[4] Adapted I part from Committee on Pattern Criminal Jury Instructions - First Circuit 3.06 Credibility Of Witnesses.

testimony at trial.

**DEFENDANT'S REQUEST 6: IDENTIFICATION OF DEFENDANT'S VOICE**[5]

The government must prove, beyond a reasonable doubt, that the crime charged in this case was actually committed. But more than that, the government must also prove, beyond a reasonable doubt, that the defendant, Benito Grullon is the voice on the phone numbers called by (1) Manuel Germosen, (2) Fernando Soto, and (3) identified as "Quico". Therefore, testimony from a witness proving that Mr. Grullon is that voice is a necessary and important part of the government's case. As with any other witness, you must first decide whether the witness is telling the truth as he understands it. But you must do more than that. You must also decide how accurate the identification was. The testimony of Mr. Soto and Mr. Germosen as to the identifications of the Mr. Grullon's voice as the perpetrator must be received with caution and scrutinized with care.

In evaluating the voice identification testimony of a witness you should consider that its value depends on the opportunity the witness had to hear the offender at the time of the offense and, later, to make a reliable identification of the offender's voice, whether directly, or by some other means. I suggest to you that you should consider the following matters: Did the witness have an adequate ability to hear the perpetrator at the time of the offense? You may consider, in that regard, such matters as the length of time the witness had to hear the person in question, and whether the witness seemed as though he was paying careful attention to what was going on at the time. You should consider whether the witness' identification of the defendant as the offender been influenced in any way. Has his identification been unfairly suggested by events that occurred since the time of the offense? Is his recollection accurate? Was the witness confused as to facts or the identification of persons, or did he misidentify or fail to identify a person or the accused on prior occasions? Does the witness have any motive or bias, or gain a benefit by

---

[5] *United States v. Anguilo,* 897 F.2d 1169, 1204

9

claiming it is Mr. Grullon?

Let me repeat, the burden is on the prosecution to prove every element of the crime charged, including that the voice of the defendant is the voice of the offender. Therefore, if, after examining all of the evidence, you find that a crime was committed, but are not convinced beyond a reasonable doubt that it was the defendant who committed the crime, you must find him not guilty.

## DEFENDANT'S REQUEST 7: CAUTION AS TO COOPERATING WITNESS/ACCOMPLICE/PAID INFORMANT [6]

You have heard the testimony of Fernando Soto and Manuel Germosen. They provided evidence under agreements with the government, participated in the crime charged against Mr. Grullon, and received money and additional consideration from the government in exchange for providing information.

You have heard testimony that the government paid Fernando Soto and that the government assisted him and Manuel Germosen in other ways including with criminal cases in federal court, allowing them to keep assets and proceeds from illegal drug sales, and providing protection from immigration consequences that would have resulted in deportation because of drug convictions for Mr. Soto. You may consider whether the promises and assistance create a motive for the witnesses to testify falsely against the accused. You may ask yourselves whether the promises and assistance creates an interest and whether the interest creates a bias against the defendant.

The testimony of witnesses who have received assistance from the United States Attorney's office and the Drug Enforcement Agency should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witnesses own interests.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves. For these

---

[6] Adapted from Committee on Pattern Criminal Jury Instructions - First Circuit, 2.07 Caution As To Cooperating Witness/Accomplice/Paid Informant; Sand, Modern Federal Jury Instructions, Instruction 7-15; Sand, Modern Federal Jury Instructions, Instr. 7-9 at 7-35.

reasons, the testimony of Fernando Soto and Manuel Germosen should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

## DEFENDANT'S REQUEST 8: LAW ENFORCEMENT WITNESSES[7]

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed by the federal or state government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is also appropriate to consider whether, in his investigation, the particular law enforcement witness acted in accordance with the standards of his department or agency. If not, you must consider the failure(s) to comply with proper procedures both in evaluating the witness' credibility and in evaluating the propriety of his conduct.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

[7] Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16 at 7.01.

## DEFENDANT'S REQUEST 9: FAILURE TO CONDUCT TESTS OR FOLLOW PROCEDURES

The fact that certain tests were not conducted by the police, any delay or inadequacy in the tests which were performed, the failure to follow normal police procedures, or to gather relevant evidence, are permissible grounds on which to build a defense, and may raise a reasonable doubt in the minds of the jurors. If you determine that it would be expected, in the normal course of events, to perform such tests or gather relevant evidence, such as interviewing witnesses, using enhanced surveillance techniques, maintain care, custody and preservation of evidence, proper preparation of reports, and the Government failed to fulfill its responsibility, then you may draw a negative inference from such failure. In other words, you may infer that such gathering and documentation of evidence, if properly conducted, would have resulted in evidence favorable to the defendant. *Commonwealth v. Bowden*, 379 Mass. 472 (1980); *Commonwealth v. Benoit*, 382 Mass. 210 (1981). See *Commonwealth v. Franklin*, 366 Mass. 284, 292 (19-74), *Commonwealth v. Reid*, 29 Mass. App. Ct. 537 (1990)(failure to record names of percipient witnesses).

## DEFENDANT'S REQUEST 10: CHARGED CONSPIRACY[8]

Since the defendant is charged with conspiracy to distribute more than 5 kilograms of cocaine, the government must prove beyond a reasonable doubt that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to distribute cocaine, and that the defendant willfully joined in that agreement.

You must determine whether the conspiracy charged in the indictment existed, and, if it did, who its members were.

In order for you to determine whether or not this case involves a single conspiracy you are to consider several non exhaustive factors including (1) the existence of a common purpose, (2) the interdependency of various elements in the plan, and (3) the degree of overlap among the participants. It is the totality of the evidence that determines your finding of a single conspiracy.

You as jurors are to determine whether the evidence presented in this case showed one "overall" conspiracy, or separate conspiracies, or no conspiracy. Therefore, you the jury must find that the evidence proves beyond a reasonable doubt that the defendant, Benito Grullon, did conspire at least with Manuel Germosen to distribute cocaine more than 5 kilograms of cocaine. If you believe the evidence shows that Mr. Grullon was a member of a conspiracy different from the one with Manuel Germosen as charged in the indictment, then it is your duty to find him not guilty.

---

[8] *U.S. v. Wihbey,* 75 F.3d 761, 774 (1st Cir. 1996).; *U.S. v. Rosario-Rivas*, 2005 WL 2319138 (Puerto Rico)

## DEFENDANT'S REQUEST 11: PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements which are inconsistent with his or her present testimony. If a witness is shown to have given false statements concerning any material matter, you have a right to distrust such witness's testimony in other particulars. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

## DEFENDANT'S REQUEST 12: INFERENCES

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but are not required to draw--from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must not convict the defendant unless you are convinced of his guilt beyond a reasonable doubt.

**DEFENDANT'S REQUEST 13: DEFENDANT'S DECISION NOT TO TESTIFY**

(To be given only if defendant does not testify)


Under our Constitution, the defendant has an absolute right not to testify. In this case the defendant has exercised that lawful right. The fact that he has elected not to take the stand is in no way to be regarded by you as involving the questions of his innocence or his guilt. No negative inference may be drawn from this decision. Mr. Grullon has entered a plea of not guilty. I instruct you emphatically that, in the jury room, you may <u>not</u> speculate about why he did not take the stand. You may not even discuss the fact that he did not testify. I have told you why he did not testify. He has exercised his lawful right.