```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
                              )    CRIMINAL ACTION
     v.                       )
                              )    NO. 04-10299-PBS
BENITO GRULLON,               )
     a.k.a. "Quico"           )
```

<u>UNITED STATES' MEMORANDUM REGARDING DRUG WEIGHT
AND MOTION TO STRIKE DRUG WEIGHT ALLEGATION</u>

The United States respectfully submits that the drug weight alleged in the indictment is not an element of the offense under 21 U.S.C. §846. Because drug weight is not an element of the offense, the government is not required to prove drug weight beyond a reasonable doubt, but instead only by a preponderance at sentencing. In any event, to avoid unnecessary confusion, the government will not be seeking a special verdict question regarding drug weight. Therefore, at sentencing, defendant will not be subject to a period of incarceration above the default statutory maximum of twenty-years.

<u>The Drug Weight Allegation in the Indictment</u>

Defendant Benito Grullon is charged in the pending superseding indictment with conspiracy to distribute cocaine in violation of 21 U.S.C. §846. The indictment also contains the additional allegation that the conspiracy involved at least five kilograms of cocaine pursuant to the penalty provisions of 21 U.S.C. §841(b)(1)(A)(ii).

1

"The quantity of drugs is not an element of conspiracy under 846, nor is it an element of the underlying controlled substance offense under §841[]." United States v. Gonzalez-Velez, 466 F.3d 27, 35 (1st Cir. 2006). "Rather, the amount of drugs involved in the conspiracy as a whole is a predicate for sentencing purposes." Id. at 36; see Derman v. United States, 298 F.3d 34, 42 (1st Cir. 2002). The question of what quantity of cocaine was foreseeable to a defendant is a question to be determined by the Court at sentencing by a preponderance of the evidence. See United States v. Malouf, 466 F.3d 21, 26 (1st Cir. 2006)("[D]rug quantity for purposes of §841 is a sentencing factor that may be determined by a preponderance of the evidence.")(quoting United State v. Goodine, 326 F.3d 26, 32 (1st Cir. 2003)); United States v. Lizardo, 445 F.3d 73, 90 (1st Cir. 2006), cert. denied 127 S.Ct. 524 (2006).

Furthermore, since drug quantity is not an element of the offense, the jury should only be asked about drug quantity *after* it has made a determination that the government has proved the essential elements of the offense beyond a reasonable doubt. See Gonzalez-Velez, 466 F.3d at 36. ("It was only after each defendant's culpability was determined individually that the jury was asked to find the conspiracy-wide drug quantity-a finding that the court would need for sentencing.").

Notwithstanding the above, the government in this case will

not be seeking a special verdict for drug quantity under <u>Derman</u>. As a result, defendant will not be subject to a period of incarceration for more than twenty-years. In other words, any sentence that defendant may receive at sentencing will be "capped" at twenty-years.

Accordingly, the government respectfully moves this court to strike the drug weight allegation from the pending second superseding indictment with regards to defendant Benito Grullon.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

By:       /s/ Neil J. Gallagher, Jr.
            Neil J. Gallagher, Jr.
            Sharron Kearney
            Assistant U.S. Attorneys
            One Courthouse Way
            Boston, MA

Date: January 22, 2007

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

                                        /s/ Neil J. Gallagher, Jr.
                                        Neil J. Gallagher, Jr.