

ATTORNEYS AT LAW
6 BEACON STREET, SUITE 720 BOSTON, MA 02108
(617) 531-0135  (617) 531-0136 (f)

EDUARDO MASFERRER
KAREN SWENSON

May 9, 2007

Jennifer Sinclair
U.S. Probation Officer
U.S. Probation Office
1 Courthouse Way Suite 1200
Boston, MA 02210
(617) 748-4204

    **RE: BENITO GRULLON**
    Docket No. 04-10299-PBS

Dear Probation Officer Sinclair,

    Pursuant to Rule 32, the Defendant would make the following objections to the Pre-sentence Report filed by your office. We would ask that you adjust the Defendant's Offense Level to 21.

**OBJECTION 1**: Paragraph (4): The Defendant was only convicted of Count 1 of the superceding indictment. Count 8 had been previously dismissed by the Court on February 15, 2006.

**OBJECTION 2**: Paragraph (22): Mr. Germosen did not testify regarding when the first encounter was made, nor when the drug sales between him and Mr. Grullon were to have allegedly occurred. Given that the parties met either in 2000 or 2001 (see Par. 21) it is unclear if any of these sales occurred during the time period specified in the indictment, which is only from August 2001 until 2004. There was no surveillance of Mr. Germosen meeting with or going to Mr. Grullon's home or work location. Likewise there was no surveillance of any of Mr. Germosen's associates going to Mr. Grullon's home or work locations. When questioned as to whether he personally conducted the transactions, he indicated that he used his brother Christian Germosen and Maria in making these sales. Neither Christian Germosen or Maria Escobar, both of whom received departures for acceptance of responsibility and USSG §5C1.2, indicated any involvement with any sales to Mr. Grullon. Nor did either of them have any sales to Mr. Grullon factor into the "drug weight" calculation of there respective sentences.

**OBJECTION 3:** Paragraph (24): Mr. Germosen did not specify when these sales were alleged to have occurred. When questioned as to whether he personally conducted the transactions, he

indicated that he used his brother Christian Germosen and Maria Escobar in making these sales. Neither Christian Germosen or Maria Escobar, both of whom received reductions in their sentences for acceptance of responsibility and USSG §5C1.2, indicated any involvement with any sales to Mr. Grullon. Nor did either of them have any sales to Mr. Grullon factor into the "drug weight" calculation of there respective sentences.

**OBJECTION 4:** Paragraph (37): Count 8 of the superceding indictment was dismissed on February 15, 2006.

**OBJECTION 5:** Paragraph (40): The Probation Department has miscalculated the drug weight attributable to Mr. Grullon. Given the evidence provided at trial, the Government has only established, even under the preponderance of the evidence standard, that Mr. Grullon conspired to sell over 100 grams of cocaine. The evidence established the February 2004 sale from Mr. Grullon to Mr. Christian Germosen of 125 grams of cocaine. However, the Government did not establish any additional sales or particular amounts of cocaine that were sold. The testimony of Germosen, regarding dates and amounts is completely unreliable given that (1) it was entirely vague and (2) it was entirely self-serving as a means of securing his plea agreement with the government. Additionally, the corroboration of these sales and dates, which presumably would be found in the offense conduct pled to by Mr. Germosen, or within his 5C1.2 safety valve interview, were non-existent. Additionally, corroboration for these sales or amounts should have been found in the offense conduct paragraphs of both Maria Escobar and Christian Germosen's presentence report. These reports make no indication of these transactions or sales. As such, the only weight established by a preponderance of the evidence was the February 2004 sale of 125 grams.

Additionally, the Government struck the weight portion of the indictment. Had it sought to establish 500 grams of cocaine or more, thereby subjecting the Defendant to the corresponding mandatory minimum sentences, it would have needed to submit those weights for the jury's consideration. *Cunningham v. California*, 127 S. Ct. 856, 869-870 (2007) (reaffirming *Apprendi* and requiring that any fact essential to sentencing be determined by a jury). When the government elected not to do so, it limited the amount of cocaine that the Defendant could be held responsible to less than 500 grams.

**OBJECTION 6:** Paragraph (42): Pursuant to U.S.S.G. §2D1.1C(5), since the amount of cocaine is at least 100 grams, the base offense level is 18. Given that the government did not submit a weight to the jury for its consideration, it is limited to no more than 500 grams, which is a base offense level of 24.

**OBJECTION 7:** Paragraph (47): **Adjusted Offense Level (subtotal): 18**

**OBJECTION 8:** Paragraph (49): **Total Offense Level: 18**

**OBJECTION 9:** Paragraph (110): The Defendant was not asked to bring any particular financial documents to the presentence interview. In addition, as the Defendant is in custody he does not have access to the documentation that Probation may seek.

**OBJECTION 10:** Paragraph (112): The Probation department did not request any verification documents. The Defendant signed all required releases and responded to all of the Probation Officer's questions.

**OBJECTION 11:** Paragraph (119): The Defendant is not subject to any mandatory sentence as the government failed to present to the jury a drug weight of at least 500 grams of cocaine. *Cunningham v. California*, 127 S.Ct. at 869-870.

**OBJECTION 12:** Paragraph (121): Based upon a Total Offense Level of 18 and a Criminal History Category of I, the guideline of imprisonment range is 27 to 33 months.

**OBJECTION 13:** Paragraph (129): The Defendant is eligible for probation, as he is not subject to any mandatory sentence as the government failed to present to the jury a drug weight of at least 500 grams of cocaine. *Cunningham v. California*, 127 S.Ct. at 869-870.

## CONCLUSION

Fore the above stated reasons, the Probation Department should revise its report according to the objections submitted.

                                         Respectfully Submitted
                                         BENITO GRULLON
                                         By His Attorney

                                         __/s "Eduardo Masferrer"_____
                                         Eduardo Masferrer
                                         Masferrer & Associates, P.C.
                                         6 Beacon Street, Suite 720
                                         Boston, MA 02108
                                         (617) 531-0135